UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Edward Fielding,
      Plaintiff

v.

Massachusetts Judiciary,
      Defendant

Docket No.

## COMPLAINT FOR CIVIL RIGHTS

Did the Massachusetts Judiciary violate
the Plaintiff's United States Constitutional
1st & 14th Amendments Civil Rights in
challenging a State Statute as Unconstitutional
by dismissing the claim without issuing a
binding declaration of right pursuant to the
Declaratory Judgment Statute Massachusetts
General Law Chapter 231A § 1

### PARTIES

1. The Plaintiff, Edward Fielding, is incarcerated at the Bay State Correctional Center in Norfolk Massachusetts and is a citizen of the United States.

2. The Respondent, is the Massachusetts Judiciary.

### JURISDICTION

3. The United States District Court for Massachusetts has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, and 42 U.S.C. § 1983.

**FACTS**

4.  On December 8, 1997 the Plaintiff filed a Complaint for Declaratory Relief pursuant to M.G.L.c. 231A § 1, and Massachusetts Rule of Civil Procedure 57, challenging a State Statute, M.G.L.c. 265 § 2, St. 1956, c.731 § 12, as being unconstitutional and void in the Massachusetts Supreme Judicial Court, Case No. PS-97-0161.

5.  On November 13, 1998 the Supreme Judicial Court, (Marshall, J.), ordered pursuant to M.G.L.c. 211 § 4A the Complaint transferred to Norfolk Superior Court.

6.  On November 13, 2002 the Norfolk Superior Court, (Butler, J.), dismissed the Complaint without issuing a binding declaration of right between the parties, and on November 29, 2002 denied a Motion for Reconsideration, Case No. 98-01047.

7.  On February 27, 2003 the Supreme Judicial Court denied Plaintiff's Application for Direct Appellate Review, Case No. DAR-13197.

8.  On May 21, 2004 the Appeals Court, (Lenk, Cowin, & Doerfer, JJ.), affirmed the lower court's dismissal without issuing a binding declaration of right between the parties, and on June 10, 2004 denied Plaintiff's Petition for Panel Rehearing, Case No. 03-0043.

9.  On June 30, 2004 the Supreme Judicial Court, (Cowin, recused), denied Plaintiff's Application for Further Appellate Review without issuing a binding declaration of right between the parties, Case No. FAR-14182.

10. The Plaintiff placed on NOTICE the Norfolk Superior Court, Appeals Court, and Supreme Judicial Court, that Plaintiff was entitled under the 1st Amendment right to redress a grievance, and 14th Amendment right to equal protection and due process of law to a State Created Liberty Interest Right, that State Created Right being, a Declaratory Decree pursuant to M.G.L.c. 231A § 1.

### UNDISPUTED FACTS

11. The Massachusetts Legislature enacted the Declaratory Judgment Statute, M.G.L.c. 231A § 1, St.1945, c.583 § 1 creating a State Liberty Interest Right, for any citizen with standing and an actual controversy to challenge a Statute as unconstitutional and void, mandating that, "... such a proceeding **shall not be open to objection** on the ground that a merely declaratory judgment or decree is sought ...". (emphasis added).

12. The Massachusetts Rules of Civil Procedure 57 is the procedure for obtaining a declaratory judgment and mandates that, "**The existence of another adequate remedy does not preclude a judgment for declaratory relief** in cases where it is appropriate." (emphasis added).

13. The actual controversy between the Plaintiff and Respondent is over the Constitutionality or unconstitutionality of the Statute for which the Plaintiff was sentenced and currently being held, M.G.L.c. 265 § 2, (1956 ed.), wherefore the Supreme Judicial Court ruled in <u>Mitchell v. Sec. of Admin.</u>, 413 Mass. 330, 333, n.7, 597 N.E.2d 400 (1992), "**A dispute over an official interpretation of a statute constitutes a justifiable controversy for purposes of declaratory relief.**" (emphasis added).

14. The Supreme Judicial Court ruled in <u>Zaitman v. Daris</u>, 331 Mass. 458, 120 N.E.2d 393, 395 (1954) that, "In proceeding under the declaratory judgment act, **it is the duty of the Judge to adjudicate the decisive issues involved in the controversy between the parties** and to make a binding declaration concerning such issues, thus putting the controversy to rest." (emphasis added).

15. The United States Supreme Court ruled in <u>Hicks v. Oklahoma</u>, 447 U.S. 343, 346 (1980), that a State Created Right is not **"merely a matter of state procedural law** ... and that liberty interest is one the Fourteenth Amendment preserves against arbitrary deprivation by the State." (emphasis added).

## CLAIMS

16. The Plaintiff contends that the Massachusetts Norfolk Superior Court violated Plaintiff's 1st Amendment Right to Redress a Grievance, and 14th Amendment Right to Equal Protection and Due Process of Law, by dismissing a Declaratory Petition without issuing a binding declaration of the parties rights pursuant to M.G.L.c. 231A § 1.

17. The Plaintiff contends that the Massachusetts Appeals Court violated Plaintiff's 1st Amendment Right to Redress a Grievance and 14th Amendment Right to Equal Protection and Due Process of Law, by affirming the lower court's dismissal without issuing a binding declaration of the parties rights pursuant to M.G.L.c. 231A § 1.

18. The Plaintiff contends that the Massachusetts Supreme Judicial Court violated Plaintiff's 1st Amendment Right to Redress a Grievance and 14th Amendment Right to Equal Protection and Due Process of Law, by rejecting to review the Appeals Court affirming and lower court's dismissal without issuing a binding declaration of the parties rights pursuant to M.G.L.c. 231A § 1.

### REQUEST FOR RELIEF

Wherefore, the Plaintiff request that this Honorable Court rule upon the following:

A. Determine whether or not the Massachusetts Legislature through enacting M.G.L.c. 231A § 1 established a State Created Liberty Interest Right for any citizen with standing and an actual controversy to challenge a State Statute as unconstitutional and void.

B. Determine whether or not the Massachusetts Judiciary violated the United States Constitution 1st & 14th Amendments by dismissing Plaintiff's Declaratory Complaint, pursuant to M.G.L.c. 231A § 1, without issuing a binding declaration of rights between the parties.

7

C.  Grant any further Civil Right relief the Court deems appropriate.

### VERIFICATION OF COMPLAINT

I, Edward Fielding Plaintiff, declare under pains and penalty that my statements are true and correct to the best of my knowledge, and I further state that under the pains and penalties of perjury that these statements are true and accurate.

Signed on this day of: Monday, August 2, 2004

Respectfully submitted
by the Plaintiff

*Edward Fielding*
Edward Fielding, Pro se
Bay State Correctional Center
28 Clark St.  P.O. Box 73
Norfolk, MA.  02056-0073