```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
EDWARD FIELDING,              )
          Plaintiff,          )
                              )
     v.                       )   C.A. No. 04-11801-DPW
                              )
MASSACHUSETTS JUDICIARY,      )
          Defendant.          )
```

## MEMORANDUM AND ORDER

For the reasons stated below, this action is dismissed as lacking an arguable basis in law.

## FACTS

Edward Fielding, an inmate at the Bay State Correctional Center, commenced this action on August 11, 2004, by filing a complaint naming the "Massachusetts Judiciary" as a defendant. Fielding claims that his rights pursuant to the First and Fourteenth Amendments were violated when a Massachusetts court dismissed a complaint filed by him without a "binding declaration of right" and the dismissal was affirmed by a Massachusetts Appeals Court and the Supreme Judicial Court ("SJC"). Compl. ¶¶ 4-10.

Fielding alleges that in 1997 he filed a complaint with the SJC seeking a declaratory judgment that Mass. Gen. Laws ch. 265, § 2, a statute criminalizing murder, was unconstitutional. Id. at ¶ 4. Fielding was convicted pursuant to that statute and is currently serving a sentence stemming from that conviction. Id. at ¶ 13. The SJC transferred the matter to

the Norfolk Superior Court in November 1998, and that court dismissed the complaint approximately four years later without, Fielding complains, issuing a "binding declaration of right." Id. at ¶¶ 5-6. The dismissal by the Superior Court was affirmed by the Appeals Court, and the SJC denied Fielding's applications for further appellate review in February 2003 and June 2004. Id. at ¶¶ 7-10. Fielding contends that these events were in contravention of the Massachusetts Declaratory Judgment Statute and violated his First and Fourteenth Amendment rights. Id. at ¶¶ at 10-18.

## ANALYSIS

### I. The Court May Screen This Action

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that a district court dismiss a complaint filed by a prisoner against a governmental entity or officer, at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee, if the court determines that the complaint lacks an arguable basis in law or fact, seeks relief against a defendant who is immune from liability, or fails to state a claim. 28 U.S.C. § 1915A(a), (b).

Claims lack an arguable or rational basis in law when they are brought against a defendant who is clearly entitled to

immunity or involve the infringement of a legal interest which clearly does not exist. See Neitzke v. Williams, 490 U.S. 319, 327-328 (1989) (interpreting the former § 1915(d)); accord Denton v. Hernandez, 504 U.S. 25, 32 (1992) ("clearly baseless" actions may be dismissed); Mack v. Massachusetts, 204 F. Supp.2d 163, 166 (D. Mass. 2002) (dismissing for lack of subject matter jurisdiction).

Here, plaintiff's claims clearly lack an arguable basis in law. This Court lacks jurisdiction over plaintiff's claims because the Massachusetts Judiciary is entitled to Eleventh Amendment immunity and because under the "favorable termination" rule and the Rooker-Feldman doctrine, this Court may not consider plaintiff's claims.

A.  Eleventh Amendment Immunity

The Eleventh Amendment[1] generally is recognized as a bar to suits against a State, its departments, and agencies unless the State has consented to suit. Alabama v. Pugh, 438 U.S. 781, 781 (1978) (per curiam). Unless a State has "waived its

---

[1]The Eleventh Amendment to the United States Constitution provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Amend. XIV.

3

Eleventh Amendment immunity or Congress has overridden it,. . . a State cannot be sued directly in its own name regardless of the relief sought." Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985) (citing Pugh); cf. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (neither state nor its officials are "persons" for purposes of § 1983); Brown v. Newberger, 291 F.3d 89, 92 (1st Cir. 2002) (stating that there has been no unequivocal abrogation of the Commonwealth's Eleventh Amendment immunity).

The "Massachusetts Judiciary" is a state entity for purposes of the Eleventh Amendment, Oliver v. Superior Court of Plymouth County, 799 F. Supp. 1273, 1273 (D. Mass. 1992) (a state court is state entity for purposes of the Eleventh Amendment), and thus Fielding's claim are barred. See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 142-144 (1993) (11th Amendment operates as a withdrawal of jurisdiction).[2]

---

[2] I further note that any claims against the judges or justices who rendered the decisions that Fielding objects to would be barred by the doctrine of absolute judicial immunity. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages); Pierson v. Ray, 386 U.S. 547, 553-554 (1967) (absolute judicial immunity protects integrity of judicial process); Allard v. Estes, 292 Mass. 187, 189-190, 197 N.E. 884, 886 (1935) (stating that it is "too well settled to require discussion, that every judge, whether of a higher or lower court, is exempt from liability to an action for any judgment or decision rendered in the exercise of jurisdiction

4

B. <u>The "Favorable Termination" Rule</u>

The Supreme Court has repeatedly held that the proper means for challenging a conviction is through a petition for a writ of habeas corpus, and that attempts to bypass that avenue of relief by filing a civil action challenging the constitutionality of a conviction prior to obtaining habeas relief are improper. <u>See, e.g.</u>, <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 489-490 (1973) (inmate may not recover good-time credits lost in a prison disciplinary proceeding via civil rights action; credits may only be recovered via a writ of habeas corpus); <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-487 (1994) (inmate may not sue for damages under § 1983 where a favorable ruling by a federal court would "necessarily imply" the invalidity of his conviction); <u>Edwards v. Balisok</u>, 520 U.S. 641, 644-648 (1997) (<u>Heck</u> rule applies to prisoners attacking disciplinary proceedings which result in changes to their sentence, including the loss of accumulated good-time credits).

Thus, if a favorable determination of a prisoner's claims would entitle him to accelerated release, he must first obtain a habeas judgment before bringing a civil action. <u>Preiser</u>, 411 U.S. at 486 (where prisoner's "challenge to his custody is that the statute under which he stands convicted is

---

vested in him by law.").

unconstitutional, ... his grievance is that he is being unlawfully subjected to physical restraint" and thus habeas is his remedy); accord Muhammad v. Close, __ U.S. ___, 124 S. Ct. 1303, 1304 (2004) (per curiam) (challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus).

Here, the success of plaintiff's suit would necessarily imply the invalidity of his criminal conviction because he is claiming that the statute pursuant to which he was convicted is unconstitutional. Fielding has not alleged that an authorized tribunal or executive body overturned or otherwise invalidated his convictions, and consequently, his claims are barred. White v. Gittens, 121 F.3d 803, 806 (1st Cir. 1997) (dismissing; habeas corpus is the only permitted mode of federal collateral attack on a state conviction).

C. The Rooker-Feldman Doctrine

To the extent that Fielding seeks to have this Court review the various decisions of the Massachusetts courts dismissing his claims, this Court also lacks subject-matter jurisdiction. Lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions pursuant to the Rooker-Feldman[3] doctrine. See, e.g., Hill v.

---

[3] The Rooker-Feldman doctrine is a distillation of two Supreme Court decisions: Rooker v. Fidelity Trust Co., 263 U.S.

Town of Conway, 193 F.3d 33, 34 (1st Cir. 1999) (citing Wang v. New Hampshire Bd. of Registration, 55 F.3d 698, 703 (1st Cir. 1995)) (describing Rooker-Feldman doctrine). The jurisdiction to review state court decisions lies exclusively with superior state courts and, ultimately, the United State Supreme Court. See Feldman, 460 U.S. at 482-86; Rooker, 263 U.S. at 415-16.

The Rooker-Feldman doctrine precludes a federal action if the relief requested in that action would effectively reverse a state court decision or void its holding or if the plaintiff's claims are "inextricably intertwined" with the state court's decision. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 286 (1983) ("Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.") (internal quotation omitted); accord Johnson v. De Grandy, 512 U.S. 997, 1005-1006 (1994) (Rooker-Feldman doctrine bars "a party losing in state court ... from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself

---

413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). See Hill, 193 F.3d at n. 1 (describing history of doctrine).

7

violates the loser's federal rights); <u>Mandel v. Town of Orleans</u>, 326 F.3d 267, (1st Cir. 2003) (<u>Rooker-Feldman</u> doctrine precludes a lower federal court from entertaining a proceeding to reverse or modify a state-court judgment or decree to which the assailant is a party).

Here, to the extent that plaintiff's complaint may be read as attempting to seek review of the decisions of Massachusetts courts based on any failure to issue a "binding declaration of right" or as an attempt to claim that any of these courts wrongly denied him relief, it is subject to dismissal under the <u>Rooker-Feldman</u> doctrine. <u>Hill</u>, 193 F.3d 33 at 34 (dismissing).

## CONCLUSION

ACCORDINGLY, this action is dismissed as lacking an arguable basis in law under 28 U.S.C. § 1915A(b).
SO ORDERED.

Dated at Boston, Massachusetts, this 9th day of September, 2004.

*/s/ Douglas P. Woodlock*
DOUGLAS P. WOODLOCK
UNITED STATES DISTRICT JUDGE

8