Edward Fielding
Bay State Correctional Center
28 Clark St. P.O. Box 73
Norfolk, MA. 02056-0073

November 15, 2004

Clerk Rebecca Greenberg
U.S. District Court
John Joseph Moakley Courthouse
1 Courthouse Way
Boston, MA. 02210

RE: **STATUS UPDATE - C.A. No. 04-11801-DPW**

Dear Clerk Greenberg

On September 17, 2004 I mailed the court a motion to alter or amended judgement with a supporting memorandum and an exhibit of M.G.L.c. 231A § 1. (see: enclosed documents, including proof of mailing receipt).

As of this date the Plaintiff has not heard from the court. Plaintiff is not even certain the court received and docketed the documents. Therefore, the Plaintiff respectfully request's a Status Update upon the issue before the court.

Thank you for your time and assistance in this matter.

Respectfully,

*Edward Fielding*
Edward Fielding, Pro se

Motion - U.S. District Court

**BAY STATE CORRECTIONAL CENTER**

**INTRA FUNDS**

DATE: 9-17-04

CHARGE $ .83 TO THE ACCOUNT OF

INMATE NAME EDWARD FIELDING

COMM # W-34605

CIRCLE ONE:   HAIR CUT   (POSTAGE)   NOTARY
              VENDING CARD   CLUB DONATION
         APPLIANCE   CLOTHING   PHOTO TICKETS

INMATES SIGNATURE: Edward Fielding

APPROVED BY: _____

DATE PAID: SEP 2 2 2004

Edward Fielding
Bay State Correctional Center
28 Clark St. P.O.Box 73
Norfolk, MA. 02056-0073

September 17, 2004

Ms. Rebecca Greenberg
U.S. District Court
1 Courthouse Way
Boston, MA. 02210

RE: Fielding v. Mass. Judiciary   C.A. No. 04-11801-DPW

Dear Ms. Greenberg

   Enclosed for filing with the Court are the following documents.

1. Motion to Alter or Amend Judgment

2. Memorandum in Support

3. 1 Exhibit - State Statute M.G.L.c. 231A § 1

   Thank you for your time and assistance in this matter.

Respectfully,

*Edward Fielding*
Edward Fielding, Pro se

```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

Edward Fielding,         )
           Plaintiff     )
                         )
     v.                  )      C.A. No. 04-11801-DPW
                         )
Massachusetts Judiciary, )
           Defendant     )
```

## MOTION TO ALTER OR AMEND JUDGMENT

Now comes the Plaintiff pursuant to Federal Rules of Civil Procedure 59(e), requesting that this Honorable Court order of dismissal, under 28 U.S.C. § 1915(a)(b), entered on September 10, 2004, be vacated.

As grounds thereof, the Plaintiff supports by Memorandum, that this Court misconstrued the Civil Rights Complaint, thereby, misapplied the law in its Memorandum and Order, as it pertains to the Plaintiff's Right to Procedural Due Process which was denied by the State Courts, whereby, this Court does have subject-matter jurisdiction over the Complaint pursuant to 42 U.S.C. § 1983.

Wherefore, the Plaintiff respectfully requests that this Honorable Court vacate its order of dismissal and issue a Summons in the above entitled action.

Respectfully submitted
by the Plaintiff

*Edward Fielding*
Edward Fielding, Pro se
Bay State Correctional Center
28 Clark St. P.O. Box 73
Norfolk, MA. 02056-0073

September 17, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Edward Fielding,                )
            Plaintiff           )
                                )
v.                              )   C.A. No. 04-11801-DPW
                                )
Massachusetts Judiciary,        )
            Defendant           )

**MEMORANDUM IN SUPPORT OF
MOTION TO ALTER OR AMEND JUDGMENT**

On September 10, 2004 this Honorable Court ordered the Plaintiff's Civil Rights Complaint dismissed pursuant to 28 U.S.C. § 1915 (a)(b). In the Memorandum and Order issued by the Court it relied upon the following three points of law in reaching its decision.

    A  Eleventh Amendment Immunity
    B  The "Favorable Termination" Rule
    C  The Rooker-Feldman Doctrine

This Court should note, from the outset, that the Plaintiff's Civil Rights Complaint concerns the Right to Procedural Due Process, which was denied by the Massachusetts Judiciary, and does not raise any issue concerning his conviction or sentence. Therefore, this memorandum will show that this Court misconstrued the Civil Rights Issue, and as a result, misapplied the law in this exceptional circumstance.

The Court should be aware that the United States Supreme Court in Bounds v. Smith, 430 U.S. 817, 821-22 (1977), established that prisoners have a right of access to

the courts, access that is meaningful, and access that pertains to civil right proceedings. Moreover, the Court also ruled in <u>Gonzaga University v. Doe</u>, 536 U.S. 273, 283-84 (2002) that, "Section 1983 provides a remedy only for the deprivation of "rights, privileges, or immunities, secured by the Constitution and laws" of the United States. ... Once a Plaintiff demonstrates that a statute confers an individual right, the right is **presumptively enforceable by § 1983.**" (emphasis added).

The Plaintiff is challenging that he was deprived of his 1st & 14th Amendment Rights as they pertain to **procedural due process** pursuant to the Massachusetts Declaratory Judgment Statute as enacted by the Legislature, M.G.L.c. 231A § 1. (see exhibit 1). Simply speaking, the Plaintiff contends that **procedural due process** entitles him to a binding declaration of rights under Statute, which was denied him by the State Courts.

Therefore, in light of the above point, the Plaintiff shall now address that this Court in its Memorandum and Order misconstrued the Complaint, and thus misapplied the law as it pertains to the **procedural due process issue.**

A This Court relied upon the States Eleventh Amendment Immunity in reaching its decision to dismiss. However, this Court must recognize that nowhere in the Complaint does the Plaintiff seek monetary relief from either the Massachusetts Judiciary or any individual Judge. The Complaint specifically requests that the Court determine whether the Plaintiff

pursuant to the 1st & 14th Amendments is entitled to **procedural due process** and a binding declaration of rights pursuant to a State Created Statutory Right, that being, M.G.L.c. 231A § 1.

Therefore the Plaintiff contends that the Eleventh Amendment does not apply in this circumstance.

B   This Court also relied upon The "Favorable Termination" Rule in reaching its decision to dismiss. However, this Court must recognize that nowhere in the Complaint does the Plaintiff request that the Court determine whether his conviction or sentence is unconstitutional. The only issue before the Court is Plaintiff's right to **procedural due process**. Should the Court determine that the Plaintiff's **procedural due process** was violated by the State entitling him under the 1st & 14th Amendment to a binding declaratory decree pursuant to State Statute, and thus issues an order remanding the case back to Massachusetts for further proceedings, that remand order by the Court, does not demonstrate the invalidity of the Plaintiff's conviction or sentence, but only specifically rules upon the **procedural due process issue.**

Therefore, the Plaintiff contends that The "Favorable Termination" Rule does not apply in this circumstance.

C   This Court also relied upon The Rooker-Feldman Doctrine in reaching its decision to dismiss. However, this Court must recognize that nowhere in the Complaint does the Plaintiff request that this Court review or reverse a State

4

Court decision. This Court must realize that the Plaintiff in citing facts within the Complaint only points out that the Superior, Appeals, and Supreme Judicial Court, dismissed a Declaratory Judgment Complaint in which a clear controversy and standing was established. The Plaintiff contends that this dismissal not only violated his **procedural due process** but also his right to **redress a grievance** with the State. The issue before this Court does not concern any review or reversal of any State Court decision. Importantly, the issue before this Court is whether the Plaintiff is **entitled** pursuant to the 1st & 14th Amendments to **redress a grievance** and **procedural due process of law** pertaining to a State Statutory Created Right, that Statute being, M.G.L.c. 231A § 1, the State Declaratory Judgment Act.

Therefore, the Plaintiff contends that the Rooker-Feldman Doctrine does not apply in this circumstance.

The Plaintiff strongly emphasizes that the issue before this Court does not encompass either, monetary damages, his conviction or sentence, or review or reversal of any State Court decision. It solely concerns **procedural due process** whereby the U.S. Supreme Court stated, "But if the district court determines that the Plaintiffs action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the Plaintiff, the action should be allowed to proceed, ...". In other words, the Plaintiff can challenge the State Statutory Created

5

**procedure** as an **entitlement** under the United States Constitution, and an **entitlement** that the State Court is duty bound to address with a binding declaration of rights.

It is now the Plaintiff's burden of pointing out the unconstitutionality of the proceedings within the State Courts. In order to accomplish this it is necessary to ask what process the State provided and whether it was constitutionally adequate. Therefore, according to Demers v. Leominster School Department, 263 F.Supp.2d 195 (D.Mass. 2003), citing Licari v. Ferruzzi, 22 F.3d 344, 347 (1st Cir. 1994), the Plaintiff must establish the following.

1) Plaintiff must show that he possesed a **protected liberty interest**. The Massachusetts Legislature established the Declaratory Judgment Act, Statute 231A § 1, for any citizen with an actual controversy and standing to challenge a Statute. In Hicks v. Oklahoma, 447 U.S. 343, 346 (1980), the Court ruled that state created rights are not merely a matter of procedural law. A statute creates a liberty interest, or entitlement if it limits the discretion by using mandatory language, such as shall. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989). Therefore, Plaintiff has a protected 14th Amendment liberty interest in a State Created Right. Moreover, recourse of the law entitles the Plaintiff the opportunity to be heard, Grannis v. Ordean, 234 U.S. 385, 394 (1913), and at a meaningful time and in a meaningful manner. Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

2) Plaintiff must show that the State **deprived** him of that right. Plaintiff clearly pointed out in the Complaint that the Superior, Appeals, and Supreme Judicial Courts dismissed a Declaratory Complaint without issuing a binding declaration of rights in violation of the Statute which clearly states, "**shall** not be open to objection on the ground that a merely declaratory judgment or decree is sought thereby and such declaration when made, **shall** have the force and effect of a final judgment or decree ...". Therefore, when the Respondent objected to the fact that Plaintiff filed a Declaratory Judgment claiming that Post Conviction Rule 30 was the appropriate procedure and the Courts dismissed the case upon that ground without issuing a binding declaration of rights, the Massachusetts Judiciary deprived the Plaintiff of his 1st & 14th Amendments Rights by violation the mandatory language of the Declaratory Statute.

3) Plaintiff must show that he has not been accorded a hearing prior to his deprivation of that right or that the hearing was fundamental unfair. Recourse to the law does not mean allowing a citizen to just file an action, it means meaningful access upon the merits. In this instance, the State Courts never went to the merits of the Plaintiff's Statutory challenge, therefore, deprived him of a final decree upon the controversy over a State Statute. Moreover, the dismissal was fundamental unfair because not only did the state Courts violate Plaintiff's 1st & 14th Amendment

Rights, but also deprived him of the benefits of their very own case law. For example, <u>Mitchell v. Sec. of Admin.</u>, 413 Mass. 330, 333 n.7, 597 N.E.2d 400 (1992), clearly states, "A dispute over an official interpretation of a statute constitutes a justifiable controversy for purposes of declaratory relief." Furthermore, in <u>Zaltman v. Daris</u>, 331 Mass. 458, 120 N.E.2d 393, 395 (1954), the Court ruled, "In proceeding under the declaratory judgment act, it is the duty of the judge to adjudicate the decisive issues involved in the controversy between the parties and to make a binding declaration concerning such issues, thus putting the controversy to rest." This Court must understand that the controversy between the Plaintiff and the State over the Constitutionality of a State Statute has not been put to rest. The Plaintiff has not been accorded any hearing upon the merits of his State claim and the States dismissal was indeed fundamental unfair.

The Plaintiff has been clearly depriver of his 1st Amendment Right to redress a grievance and 14th Amendment Right to due process of law pursuant to a State Created Right. This is the exact issue before this Court, and the question being asked, is the Plaintiff entitled to procedural due process under the Declaratory Judgment Statute pursuant to the 1st & 14th Amendments.

The U.S. Supreme Court has said that "... we remind ourselves that exhaustion refers to remedies, not petitioners. If the facts are as petitioner alleges,

8

requiring him to further seek state relief in some unguided, open-ended way, thereby countenancing further delay, would deprive him of due process of law." Odsen v. Moore, 445 F.2d 806, 807 (1971), and "Due process further protects not only the right to obtain a favorable decision, but also the right to obtain a decision at all ... on the merits of the case." Evetts v. Lucey, 469 U.S. 387, 395 n.6 (1985).

Due to the fact that Plaintiff is not suing for monetary damages, or challenging his conviction or sentence, nor seeking to have any review or reversal of a State Court decision, this Court should review the procedural due process claim pertaining to the Plaintiff's 1st & 14th Amendment Rights to challenge a State Statute pursuant to a State Created liberty Interest.

Based upon the above, this Court should grant Plaintiff's Motion and issue a Summons in the Civil Rights Complaint before the Court.

In closing, the Plaintiff apologizes to this Court if my Complaint lead the Court to misconstrue and misapply the law as addressed. I can only hope that as a Pro se litigant this Memorandum clarifies the issue. Moreover, if the Court in its wisdom grants this Motion I would respectfully suggest and request that the Court consider an order appointing Counsel to prevent any further misunderstandings.

> Respectfully submitted
> by the Plaintiff
>
> *Edward Fielding*
> Edward Fielding, Pro se
> 28 Clark St.  P.O. box 73
> Norfolk, MA.  02056-0073

September 17, 2004

*73178 M.G.L.A. 231A § 1

# MASSACHUSETTS GENERAL LAWS ANNOTATED
## PART III. COURTS, JUDICIAL OFFICERS AND PROCEEDINGS IN CIVIL CASES
## TITLE II. ACTIONS AND PROCEEDINGS THEREIN
## CHAPTER 231A. PROCEDURE FOR DECLARATORY JUDGMENTS

*Current through Ch. 73 of the 2004 2nd Annual Session.*

### § 1. Power to make declaratory determination; jury questions

The supreme judicial court, the superior court, the land court and the probate courts, within their respective jurisdictions, may on appropriate proceedings make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen and is specifically set forth in the pleadings and whether any consequential judgment or relief is or could be claimed at law or in equity or not; and such proceeding shall not be open to objection on the ground that a merely declaratory judgment or decree is sought thereby and such declaration, when made, shall have the force and effect of a final judgment or decree and be reviewable as such; provided, that nothing contained herein shall be construed to authorize the change, extension or alteration of the law regulating the method of obtaining service on, or jurisdiction over, parties or affect their right to trial by jury. When a declaration of right, or the granting of further relief based thereon, shall involve the determination of issues of fact triable by a jury as of right and as to which a jury trial is duly claimed by the party entitled thereto, or issues which the court, in accordance with the practice of courts of equity, considers should be tried by a jury, such issues may be submitted to a jury in the form of questions, with proper instructions by the court, whether a general verdict be required or not.

### CREDIT(S)

*Added by St.1945, c. 582, § 1.*

<General Materials (GM) - References, Annotations, or Tables>

### HISTORICAL NOTES

### HISTORICAL AND STATUTORY NOTES

#### 2000 Main Volume

St.1945, c. 583, § 1, adding this chapter, consisting of this section and §§ 2 to 9, was approved July 10, 1945, and by § 5 made effective Nov. 1, 1945.

Prior Laws:
G.L. c. 215, § 6B, as added by St.1935, c. 247, § 1.

*73179 Uniform Law:
This section is similar to the provisions of § 1 of the Uniform Declaratory Judgments Act, see 12 Uniform Laws Annotated, Master Edition.

© 2004 West, a Thomson business. No claim to original U.S. Govt. works.